**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **PETROF, SPOL. S.R.O.**, a Czech Republic corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07 C 7218 |
| v. | ) | |
| | ) | Judge Elaine E. Bucklo |
| **GENEVA INTERNATIONAL CORPORATION**, | ) | |
| | ) | Magistrate Judge Arlander Keys |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S APPLICATION
TO CONFIRM FOREIGN ARBITRATION AWARD**

Defendant Geneva International Corporation ("Geneva"), by and through its attorneys, answers and defends against the Application to Confirm Foreign Arbitration Award of Plaintiff Petrof, spol. s.r.o. ("Petrof") as follows:

**Parties**

1.      Plaintiff, Petrof, spol. s.r.o. ("Petrof"), is a manufacturer of pianos with its principal place of business at Hradec Kralové, Brněnská 207, Postal Code 50006, in the Czech Republic.

**ANSWER**:  Geneva admits the allegations in Paragraph 1.

2.      Defendant, Geneva International Corporation ("Geneva"), is an Illinois corporation with its principal place of business in Wheeling, Cook County, Illinois.  Geneva previously imported, among other things, pianos made in the Czech Republic and elsewhere which it sold in the United States.

**ANSWER**:  Geneva admits the allegations in Paragraph 2, except that it affirmatively states that it continues to import pianos that it sells in the United States.

### Jurisdiction and Venue

3.    The Court has original subject matter jurisdiction over this matter pursuant to 9 U.S.C. § 203 and 28 U.S.C. § 1331.

**ANSWER**:  Geneva admits that this Court has original jurisdiction over this action.

4.    Venue is proper in this District pursuant to 9 U.S.C. § 204 since, save for the arbitration agreement between the parties, an action or proceeding with respect to the controversy between the parties could have been brought in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) in that the Defendant resides in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

**ANSWER**:  Geneva admits that this District is a proper venue for this action.

### The Parties' Arbitration Agreement and the Award

5.    On May 24, 2001, the parties entered into a contract of exclusive sale ("Contract"), which was subsequently extended on June 10, 2003, and April 27, 2004. Pursuant to the terms of the Contract, the parties agreed in relevant part:

> Any dispute arising our [sic] of or related to this Contract ... shall be settled through the arbitration procedure in accordance with Rules of that [sic] Arbitration Court of Chamber of Commerce and Agrarian Chamber of Czech Republic. Each Party undertakes to accept the ... arbitration [finding] and shall abide by it.

Contract at Section XVI, a certified copy of which is attached hereto as Exhibit 1.

**ANSWER**:  Geneva admits the allegations in the first sentence of Paragraph 5.

Concerning the second sentence of Paragraph 5, Geneva admits that Petrof accurately quotes

from and has attached a copy of the Contract of Exclusive Sale executed by the parties on May

24, 2001.

6.      On May 29, 2007, Plaintiff commenced an arbitration proceeding pursuant to the

Contract, and, on October 12, 2007, the Arbitration Court of Chamber of Commerce and

Agrarian Chamber of Czech Republic entered an Award in favor of the Plaintiff and against the

Defendant in the principal amount of one hundred and thirty-four thousand, one hundred and

eighty-two United States dollars ($134,182.00), together with interest at a rate of 9.25%

commencing on March 2, 2007, and Plaintiff's attorneys' fees and certain other costs to be paid

within fifteen days of the Award as detailed at pages 1 and 2 of the Arbitration Award. A true

and accurate certified copy of the Arbitration Court of Chamber of Commerce and Agrarian

Chamber of Czech Republic's October 12, 2007 Award in English and Czech is attached hereto

as Exhibit 2.  As set forth in the Award, Defendant was also required to pay Plaintiff's attorneys'

fees and travel expenses totaling CZK 124,272.90 ($6,790.50 U.S. dollars) within fifteen days of

the Award. (Id. at p. 2, No. 3).

**ANSWER**:  Geneva admits the allegations in the first sentence of Paragraph 6, except

that Geneva denies that Petrof commenced the arbitration proceedings in a manner consistent

with its obligations under the Contract.  Further answering, Geneva states that the Arbitration

Court at the Chamber of Commerce and Agrarian Chamber of the Czech Republic issued the

Arbitration Award on October 11, 2007 (the "Arbitration Award").  Geneva also admits that

Petrof has attached an accurate copy of the Arbitration Award.  Concerning the last sentence of

Paragraph 6, Geneva admits the Arbitration Award purported to obligate Geneva to pay Petrof

CZK 124,272.90 in costs within fifteen days of the award.  Further answering, Geneva

affirmatively states that, on November 1, 2007, it filed a timely appeal of the Arbitration Award

with the Municipal Court in Prague in which it requested, among other things, that the court cancel the Arbitration Award.  Further answering, Geneva states that its appeal to the Municipal Court was filed almost two months before Petrof's enforcement application.

7.     To date, Defendant has only paid the costs outlined in Paragraph 2 of the Award (Id. at p. 2, No. 3), but has failed to pay the principal amount of the Award or Plaintiff's attorneys' fees.  See Declaration of Attorney Pavel Vidura, attached hereto as Exhibit 3.

**ANSWER**:  Geneva admits that it paid Petrof part of the fee for the arbitration, administrative expenses of the Arbitration Court, and costs related to translation of the suit.  As set forth in its appeal, Geneva denies it is liable for the remainder of the Arbitration Award or Plaintiff's attorneys' fees.

8.     Pursuant to 9 U.S.C. § 207, Plaintiff is permitted to apply to this Court for an Order confirming the Award and entering judgment against the Defendant.

**ANSWER**:  Geneva denies the allegations in Paragraph 8.

9.     As of December 26, 2007, Plaintiff is entitled to recover prejudgment interest on the principal amount of the Award in the amount of $2,516.37 [$134,182.00 x.0925 x 74/365], and prejudgment interest on the awarded attorneys' fees of $54.88 [$6,790.50 x.05 x 59/365].

**ANSWER**:  Geneva denies the allegations in Paragraph 9.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

The Court should refuse to recognize and enforce the Arbitration Award under Article V, Section (1)(b) of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et seq.* (the "New York Convention") because Geneva was unable to fully present its case in the arbitration proceedings.

**Second Affirmative Defense**

The Court should refuse to recognize and enforce the Arbitration Award under Article V, Section (1)(d) of the New York Convention because the arbitration proceedings were not in accordance with the parties' Contract of Exclusive Sale, attached to Plaintiff's Application at Exhibit 1.

**Third Affirmative Defense**

The Court should adjourn its decision on the enforcement of the Arbitration Award pursuant to Article VI of the New York Convention because Geneva has applied to set aside or suspend such award in the Municipal Court in Prague and a hearing on that application is set to commence on or about March 14, 2008.

**Fourth Affirmative Defense**

Geneva has meritorious claims against Petrof that exceed Petrof's October 11, 2007 Arbitration Award and that can be set-off against the Arbitration Award.  Among other set-offs, Geneva initiated a separate arbitration proceeding against Petrof that is currently pending in the Czech Republic in which it claims damages in excess of approximately U.S. $931,000.00, which arise out of the same agreement that formed the basis for the award that Petrof now seeks to enforce in its application.  This arbitration proceeding is set to commence on or about February 25, 2008.

**Fifth Affirmative Defenses**

Geneva has meritorious claims against Petrof in a separate case currently pending in this District before Judge James B. Moran, Case No. 07 C 4214.  Geneva's damages arising from these claims exceed Petrof's October 11, 2007 Arbitration Award and can be set-off against the Arbitration Award.

WHEREFORE, Defendant Geneva respectfully requests that the Court refuse recognition and enforcement of the Arbitration Award, dismiss Petrof's Application with prejudice, award Geneva its costs in defending this action, and grant such other relief as is just and appropriate in the circumstances.  Alternatively, Geneva respectfully requests that the Court adjourn the enforcement of the Arbitration Award until (a) a final decision on Geneva's appeal has been rendered in the Czech Republic; (b) the Arbitration Court at the Economic Chamber and the Agrarian Chamber of the Czech Republic enters an award in the arbitration proceedings currently pending in the Arbitration Court between the parties; and (c) the court enters final judgment on all counts of Geneva's complaint in Case No. 07 C 4214.

Dated:  January 30, 2008

<div style="margin-left:40%">

Respectfully submitted,

**GENEVA INTERNATIONAL CORPORATION,** *Defendant*

/s/ Robin J. Elowe
Jeffrey T. Gilbert (Bar No. 3128514)
Matthew J. O'Hara (Bar No. 6237795)
Robin J. Elowe (Bar No. 6279860)
Reed Smith LLP
10 S. Wacker Drive
Chicago, IL 60606
(312) 207-1000 relowe@reedsmith.com

</div>

2133946_1